IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALFRED KWESI ADDISON, | : | CIVIL ACTION NO. **3:CV-05-2678** |
| Plaintiff | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| UNITED STATES DEPT. OF JUSTICE, et al., | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I. Background**.

The Plaintiff, Alfred Kwesi Addison, an inmate at the York County Prison ("YCP"), Pennsylvania, filed, *pro se,* this joint *Bivens*[1] action pursuant to 28 U.S.C. § 1331 and Federal Tort Claims Act ("FTCA") action pursuant to 28 U.S.C. § 1346 and § 2680, on December 28, 2005. Plaintiff is a detainee of the Bureau of Immigration and Customs Enforcement ("BICE") at YCP awaiting his removal from the United States. Plaintiff claims that despite his having advised the government that he is a derivative United States citizen, BICE illegally continued removal proceedings against him, which has resulted in his unlawful incarceration at YCP for 16 months. (Doc. 1, attached typed statement at p. 2). Plaintiff also claims that BICE has not afforded him a custody review as required, and he challenges, in part, BICE's continued detention of him at YCP. (*Id.*, pp. 3-4).

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971).

Plaintiff names as Defendants with respect to the *Bivens* portion of his pleading the United States Department of Justice ("U.S. DOJ"), BICE, Attorney General Gonzales, BICE District Director Monica, Department of Homeland Security ("DHS") Secretary Chertoff, BICE District Director Decker, and Assistant Directors Hogan and Mitrick. (Doc. 1, p. 2). Plaintiff claims that Defendants have illegally imprisoned him for over sixteen (16) months without a meaningful custody review. (*Id.*, p. 3, attached typed statement). Plaintiff states that Defendants violated his constitutional rights.

## II. Allegations of Complaint.

Specifically, Plaintiff alleges that BICE began removal proceedings against him but that during the proceedings a review of his "A" file revealed (or should have revealed) that he was a derivative United States citizen. Plaintiff claims that Defendants failed to recognize his citizenship and continued the removal proceedings, which resulted in his illegal confinement for sixteen (16) months. (*Id.*). Plaintiff states that genuine issues of fact exist as to whether BICE knew of his proper status as a derivative United States citizen when he was taken into custody or at the latest when BICE again reviewed his "A" file. (*Id.*). Plaintiff avers that since BICE knew or should have known that he was a United States citizen at the time he was detained, his detention by Defendants "is unlawful as a matter of law." (*Id.*). Plaintiff asserts that since BICE knew that he qualified as a derivative United States citizen, it acted arbitrarily and maliciously by continuing removal proceedings against him and by detaining him for sixteen (16) months. (*Id.*, p. 4).

As stated, Plaintiff also attempts to join an FTCA action along with his *Bivens* suit. Plaintiff specifies his FTCA claim by stating that the United States "is liable for the tortuous conduct of it's (sic) employees, in the same manner and the same extent as a private individual .. ". (*Id.*, p. 3). Plaintiff

does not indicate in his pleading that the United States of America is an additional Defendant. (Doc. 1, p. 2, ¶ III.). However, Plaintiff states that under the FTCA, he is seeking damages from the United States for negligence, false imprisonment and malicious prosecution. (*Id.*, ¶ IV.).

While the United States has waived sovereign immunity for an FTCA action, it has not waived sovereign immunity for a *Bivens* action. *See Jaffee v. U.S.*, 592 F.2d 712, 717-18 (3d Cir.), *cert. denied,* 441 U.S. 961 (1979) (no waiver of United States' sovereign immunity for suits alleging constitutional violations). Plaintiff must also exhaust his administrative remedies prior to filing an FTCA action in federal court by filing a claim (Form 95) with the federal agency (DOJ). *See* 28 U.S.C. § 2401(b); *Williams v. U.S.*, 1995 WL 739497, E.D. Pa. Plaintiff does not state if he exhausted his administrative remedies regarding his FTCA claim against the United States and if he received a final denial from the DOJ. In any event, since we find that Plaintiff cannot join a *Bivens* action and an FTCA action, Plaintiff's FTCA action should be dismissed without prejudice to re-file it against only the United States.[2]

As relief, Plaintiff requests the court to issue an immediate stay of removal, issue an injunction enjoining Defendants from further unlawful removal proceedings, and to award him punitive damages of one million dollars per day for false imprisonment. (*Id.*, p.3, ¶ V.). Based on his attached typed statement to his Complaint, Plaintiff is also deemed as requesting a custody review and release from his continued detention by BICE at YCP.

---

[2]*See* 28 U.S.C. § 2679(b) and (d)(1).

This *Bivens* case is construed as a claim of unconstitutional confinement against the individual federal official Defendants.³  Plaintiff's FTCA action against the United States is one for negligence that he has been maliciously prosecuted and falsely imprisoned.  The *Bivens* action is against federal officials for alleged violation of Plaintiff's constitutional rights, and the FTCA action is against the United States for negligence of its employees.  The United States has not waived its sovereign immunity for a *Bivens* action, and the federal agency Defendants, *i.e.* DOJ and BICE/DHS, are not proper Defendants in a *Bivens* action.  *See FDIC v. Meyer,* 510 U.S. 471, 114 S.Ct. 996, 999 (1994); *Alexander v. Hargrove*, 1995 WL 144636, E.D. Pa.; *Howard v. U.S.*, 2000 WL 128701, E.D. Pa.; *see also Jaffeee, supra.; Aladiem v. HUD*, 199 WL 718069, E.D. Pa.

**III.  Challenge to Removal Order.**

Under the REAL ID Act of 2005, the district court does not have jurisdiction over removal proceedings and, thus, cannot enjoin further removal proceedings against Plaintiff, as he requests. Since this Court no longer has jurisdiction to hear a habeas petition, or portions thereof, which challenges a final order of removal, we shall recommend that  Plaintiff's request that this Court enjoin further removal proceedings against him be dismissed from this action without prejudice to allow Plaintiff to file the appropriate pleading in the appeals court where the removal order was entered.⁴

---

³*But see Torres v. McLaughlin*, 163 F.3d 169, 174 (3d Cir. 1998 ("post trial incarceration does not qualify as a Fourth Amendment seizure").  In our case, Plaintiff appears to be in post-removal order detention awaiting his repatriation.

⁴We find no prejudice to Plaintiff since his challenge to the removal proceedings can be asserted in the appropriate appeals court as mandated by a new law.

Plaintiff contends, in part, that his removal order was erroneous since he had derivative United States citizenship.  However, this Court no longer has jurisdiction over this claim under the Real ID Act of 2005.

This Court in *Soyemi v. Chertoff*, No. 05-mc-145, p. 2 (M.D. Pa.), (May 26, 2005 Order, J. McClure), stated as follows:

> On May 11, 2005, the Real ID Act was signed into law.  Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief 2005, Real ID Act of 2005, Pub.L.No. 109-13 (May 11, 2005) ("Real ID Act").  Section 106 of the Real ID Act amends section 242 of the Immigration and Nationality Act (INA) so as to strip this court of jurisdiction to hear habeas corpus petitions that challenge final orders of removal.  Real ID Act, § 106(a)(1) (adding INA § 242(a)(5) (to be codified at 8 U.S.C. § 1252(a)(5)).
>
> The proper venue for a petition for review is the court of appeals for the judicial circuit in which the immigration judge completed the petitioner's proceedings.  8 U.S.C. § 1252(b)(2).

The *Soyemi* Court concluded that "[b]ecause we no longer have jurisdiction to hear habeas corpus petitions challenging final orders of removal we transfer this case to the Untied States Court of Appeals for the Third Circuit." *Id*., p. 1.  Thus, pursuant to the Real ID Act, we recommend that Plaintiff's present action which challenges his final order of removal and seeks to enjoin BICE from further removal proceedings be dismissed without prejudice to re-file it in the applicable Circuit Court of Appeals.[5]

---

[5] We note that the Real ID Act also provides that "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act. . . ."  Real ID Act § 106(a)(1) (adding INA § 242(a)(5)) (to be codified at 8 U.S.C. § 1252(a)(5)).

**IV. *Bivens*/FTCA Action.**

Insofar as Plaintiff seeks to jointly file a *Bivens* civil rights suit and an FTCA action, we find that he cannot jointly file such actions. Since the Plaintiff has filed an application to proceed *in forma pauperis* (Doc. 2) pursuant to 28 U.S.C. § 1915, the Prison Litigation Reform Act of 1995 (the "PLRA")[6] obligates the Court to engage in a screening process.[7]  Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any
> portion thereof, that may have been paid, the
> court shall dismiss the case at any time if the
> court determines that (A) the allegation of
> poverty is untrue; or (B) the action or appeal
> (i) is frivolous or malicious; (ii) fails to
> state a claim on which relief may be granted;
> or (iii) seeks monetary relief against a
> defendant who is immune from such relief.

In reviewing the complaint under 28 U.S.C. §1915(e)(2)(B), we find that the Plaintiff is unable to maintain his FTCA action against the United States jointly in this *Bivens* case. We find that Plaintiff's *Bivens* action cannot be asserted against federal agencies, and that the United States has not waived sovereign immunity for a *Bivens* action. *See Jafee, supra; Meyers, supra*.

Further, as discussed, to the extent that Plaintiff seeks to challenge his removal order and enjoin the removal proceedings against him, this claim should be dismissed without prejudice to file

---

[6]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

[7]The Plaintiff completed an application to proceed *in forma pauperis* and an authorization to have funds deducted from his prison account. The court then issued an administrative order directing the warden to commence deduction of the full filing fee due the court from the Plaintiff's prison trust fund account. (Docs. 2, 3 & 5).

it in the applicable appeals court. Finally, to the extent that Plaintiff is challenging his continued detention by BICE as unlawful and is seeking a custody review, we construe Plaintiff's action as a petition for habeas corpus under 28 U.S.C. § 2241. We shall recommend that this case proceed as a habeas petition, and that Plaintiff be directed to re-file his *Bivens* action and FTCA action as separate cases after he exhausts his administrative remedies.

    *A. Bivens.*

Under *Bivens*, the District Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 to entertain an action brought to redress alleged federal constitutional or statutory violations by a federal actor under *Bivens, supra*. Pursuant to *Bivens*, "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978). A *Bivens*-style civil rights claim is the federal equivalent of an action brought pursuant to 42 U.S.C. § 1983 and the same legal principles have been held to apply. *See, Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir. 1975); *Veteto v. Miller*, 829 F.Supp. 1486, 1492 (M.D. Pa. 1992); *Young v. Keohane*, 809 F.Supp. 1185, 1200 n. 16 (M.D. Pa. 1992). In order to state an actionable *Bivens* claim, a plaintiff must allege that a person has deprived him of a federal right, and that the person who caused the deprivation acted under color of federal law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Young v. Keohane*, 809 F.Supp. 1185, 1199 (M.D. Pa. 1992). In Plaintiff's FTCA action only the United States can be named as Defendant.[8] Likewise, the United

---

[8] Since various stated federal officials are party Defendants in this *Bivens* action, Plaintiff must sue the United States separately as a Defendant in an FTCA action, and the United States cannot simply be added as a Defendant herein since it did not waive sovereign immunity for a

States and its federal agencies, such as DOJ and DHS, cannot be named as Defendants in a *Bivens* action.  *See Meyer*, *supra*.

Further, *Bivens* is based on alleged constitutional violations by federal officials, while the FTCA is an action against the United States to recover damages for negligence of federal employees.

### B.  FTCA.

The provisions of the FTCA govern all claims against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment. 28 U.S.C. §2675 (a).  Plaintiff here is seeking damages for personal injury against the United States presumably for negligently allowing his removal proceedings to continue and for allowing his continued incarceration at YCP despite his records ("A" file) which showed that he was a derivative United States citizens.  With respect to Plaintiff's FTCA claim, the only proper party Defendant is the United States, and not individually named Defendant employees of the DOJ and DHS/BICE.  *See* 28 U.S.C. §2679 (b) and (d)(1).  Thus, no individual employees of the DOJ and DHS/BICE can be included in Plaintiff's FTCA action, and only the United States can be named as Defendant.

Plaintiff must file his FTCA action within six (6) months after the agency, here DOJ, issues its final denial of his administrative claim (Form SF-95).  *See* 28 U.S.C. § 2401(b).  Plaintiff should file his FTCA action as a separate action against only the United States after exhaustion.  Plaintiff should

---

*Bivens* claim.

file his *Bivens* action as a separate action against the federal officials who he claims were personally involved in violating his constitutional rights after he exhausts his administrative remedies.

Plaintiff cannot pursue his negligence claim against the United States in a *Bivens* action alleging a violation of a constitutional right by federal officials. Plaintiff must file a separate FTCA action solely against the United States.

**V. Habeas Corpus.**

As discussed, Plaintiff alleges that the individual Defendants have illegally detained him for 16 months at YCP since he is a derivative United States citizen and not an alien, and that his continued detention is unlawful. Plaintiff also seeks a custody review by BICE. With respect to these claims, we deem Plaintiff's action as a petition for habeas corpus under § 2241.

The Supreme Court has held that a civil rights action is a proper remedy for a prisoner who claims that his conditions of confinement violate the constitution, but is not challenging the fact or length of his custody. *Preiser v. Rodriguez*, 411 U.S. 475, 499, 93 S. Ct. 1827 (1973). Since the Plaintiff in the present case, in part, directly attacks his continued confinement at YCP and the duration of his sixteen (16) months confinement without a custody review, he has indeed requested relief that would alter the term of his confinement. Thus, Plaintiff's action should be construed as a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 insofar as this claim is concerned. *See Muhammad v. Close*, ___ U.S. ___, 124 S.Ct. 1303, 1304 (2004 (Per Curiam); *Woodall v. BOP*, 2005 WL 3436626 (3d Cir.) (inmate's challenge to BOP's regulations regarding CCC placement (halfway house) is a challenge to the execution of his sentence and habeas jurisdiction lies).

The Third Circuit in *Leamer v. Fauver*, 288 F. 3d 532, 542 (3d Cir. 2002), stated:

> whenever the challenge ultimately attacks the 'core of habeas' -- the validity of the continued conviction or the fact or length of the sentence -- a challenge, however denominated and <u>regardless of the relief sought,</u> must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate. (Emphasis added).

Thus, to the extent that the Plaintiff is challenging the legality of his continued confinement and the length of his confinement, he should be deemed as having filed a habeas corpus petition. A ruling in the Plaintiff's favor on this claim would alter his confinement (*i.e.*, cause his immediate release from incarceration at YCP) and, therefore, we believe this claim should be construed as one pursuant to 28 U.S.C. Section 2241.

The Third Circuit noted that the operative test in determining if the suit should be filed as a writ of habeas corpus or a civil rights action is whether a favorable determination of Plaintiff's challenge would "necessarily imply" that he would serve a shorter sentence. In this case, with respect to the stated claim, we find that Plaintiff's confinement would be affected if he succeeds on his claim that his continued confinement is illegal since he has not been given a required custody review. Thus, we find that Plaintiff's stated claim falls within the "core of habeas," since if he is successful, he may be entitled to release from custody.

In conclusion, the Plaintiff's case, to the extent it raises §1331 *Bivens* claims against the individual Defendant federal officials, should be dismissed without prejudice to re-file it as a separate action after exhaustion. To the extent that Plaintiff's action raises a claim under the FTCA against the United States, it should be dismissed without prejudice to re-file it as a separate action after he

10

exhausts his administrative remedies with the DOJ. Plaintiff's challenge to his removal order should be dismissed without prejudice to file a petition for review with the appropriate appeals court. Finally, to the extent that this case challenges the legality and duration of Plaintiff's confinement at YCP, it is a § 2241 habeas corpus petition, and it should proceed against the Defendants.

## VI. Recommendation.

Based on the foregoing, it is respectfully recommended that Plaintiff's *Bivens* action be dismissed without prejudice. It is further recommended that the matter be dismissed without prejudice as to Plaintiff's FTCA action.[9] It is recommended that Plaintiff's challenge to his removal order be dismissed without prejudice to file a petition for review with the appropriate appeals court. Finally, it is recommended that, to the extent that this case challenges the legality and duration of Plaintiff's confinement at YCP, it is a § 2241 habeas corpus petition, and it should proceed against the Defendants.

        **s/ Thomas M. Blewitt**
        **THOMAS M. BLEWITT**
        **United States Magistrate Judge**

**Dated: January 9, 2006**

---

[9] As noted above, Plaintiff should file a separate FTCA action against the United States since it did not waive sovereign immunity for a *Bivens* action. We have also indicated above that Plaintiff must assert his FTCA claim only against the United States and his *Bivens* claim against the individual federal employees.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALFRED KWESI ADDISON, | : | CIVIL ACTION NO. **3:CV-05-2678** |
| Plaintiff | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| UNITED STATES DEPT. OF JUSTICE, et al., | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **January 9, 2006.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                              **s/ Thomas M. Blewitt**
                                              **THOMAS M. BLEWITT**
                                              **United States Magistrate Judge**

**Dated: January 9, 2006**